# EXHIBIT 1



Search for Cases by: Select Search Method...

| Judicial Links | eFiling | Help | Contact Us | Print | GrantedPublicAccess Logoff MWYMORE1956 |

**21SL-CC01445 - EDWARD J KOELLER V RISK BASED SECURITY, INC. (E-CASE)**

Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending ○ Ascending

Display Options: All Entries

---

**04/01/2021** ☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 21-SMOS-300, for RISK BASED SECURITY, INC..Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**03/31/2021** ☐ **Filing Info Sheet eFiling**
**Filed By:** JOHN FRANCIS GARVEY JR

☐ **Pet Filed in Circuit Ct**
Class Action Complaint.
**Filed By:** JOHN FRANCIS GARVEY JR
**On Behalf Of:** EDWARD J. KOELLER

☐ **Judge Assigned**
DIV 9

---

Case.net Version 5.14.17.6  Return to Top of Page  Released 04/13/2021

21SL-CC01445

Electronically Filed - St Louis County - March 31, 2021 - 09:51 AM

### IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
### STATE OF MISSOURI

| | |
|---|---|
| **EDWARD J. KOELLER**, <br> 9821 Vicksburg Siege Ct. <br> St. Louis, MO 63123 <br><br> *Plaintiff*, <br> VS. <br><br> **RISK BASED SECURITY, INC.** <br> Serve:  Any Officer or Director <br>              3308 W. Clay St. <br>              Richmond, VA 23260 <br><br> *Defendant*. | ) <br> ) <br> ) <br> ) **CASE NO.** <br> ) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### CLASS ACTION COMPLAINT

Plaintiff Edward J. Koeller (hereinafter "Mr. Koeller" or "Plaintiff") on behalf of himself and the proposed classes defined below brings this action against Risk Based Security, Inc. ("Risk Based Security" or "Defendant"), to secure redress on behalf of themselves and others for Defendant's violations of the do-not-call rules of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the no-call rules of the Missouri Telemarketing No-Call List Law, Mo. Rev. Stat. §§ 407.1095 *et seq*.

### NATURE OF THE ACTION

1. Advancements in telephone dialing technology by the 1980s and 90s made reaching a large number of consumers by telephone easier and more cost-effective.  However, this technology has also brought with it an onslaught of unsolicited robocalls, spam text messages, and junk faxes that intrude on individual privacy and waste consumer time and money.  As a result, the federal government and numerous states have enacted legislation to combat these widespread telecommunications abuses.  As Congress recognized:

1

> Many customers are outraged over the proliferation of intrusive, nuisance calls to their homes…. Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Pub. L. No. 102-243, 105 Stat. 2394 § 2(6, 12) (1991).

2. As is relevant here, the TCPA provides that "[n]o person or entity shall initiate any telephone solicitation to ... [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

3.

4. The Missouri Telemarketing No-Call List Law, Mo. Rev. Stat. §§ 407.1095 *et seq.*, similarly provides that "[n]o person or entity shall make or cause to be made any telephone solicitation to any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of such subscriber's objection to receiving telephone solicitations." Mo. Rev. Stat. § 407.1098. It also prohibits "knowingly us[ing] any method to block or otherwise circumvent any subscriber's use of a caller identification service" with respect to a telephone solicitation to a residential subscriber. Mo. Rev. Stat. § 407.1104.

5. Defendant caused multiple telemarketing calls to be made to the telephones of Plaintiff and others without their prior express invitation or permission, despite such person's prior request to not be called and/or registration with the National Do Not Call Registry or Missouri No-Call List. Plaintiff files this class action complaint on behalf of himself and others similarly situated, seeking relief from Defendant's illegal calling practices.

## THE PARTIES

6. Plaintiff Edward J. Koeller is a natural person who resides in St. Louis County, Missouri.

7. Defendant Risk Based Security, Inc. is a Delaware corporation headquartered in Richmond, Virginia. Risk Based Security maintains a registered agent of Jacob L. Kouns, 5518 Olde Hartley Way, Glen Allen, Virginia 23060.

## JURISDICTION AND VENUE

8. This court is vested with subject-matter jurisdiction pursuant to Mo. Stat. § 478.070.

9. This Court has personal jurisdiction over Risk Based Security as it provides services in Missouri and makes telemarketing calls into Missouri.

10. Venue is proper in this Court pursuant to MO Stat. § 508.010 because Plaintiff was first injured in the county of St. Louis since that is where he received the telemarketing calls at issue.

## FACTUAL ALLEGATIONS

**A.  Factual Allegations Regarding Defendant**

11. Risk Based Security is a cybersecurity company.

3

12. One of Risk Based Security's telephone numbers is (804) 800-2040. *See* https://www.riskbasedsecurity.com/2019/05/28/risk-based-security-opens-new-office-in-richmond-va/ (last visited March 23, 2021).

13. One of Risk Based Security's strategies for marketing its services includes the use of telephone solicitation calls.

14. Recipients of these telephone solicitation calls, including Plaintiff, did not consent to receive such calls.

B. **Factual Allegations Regarding Plaintiff**

15. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16. Plaintiff's telephone number, (314) 602-XXXX, is a non-commercial telephone number not associated with any business.

17. Plaintiff's telephone number, (314) 602-XXXX, is a cellular telephone number used for personal residential purposes.

18. Plaintiff's telephone number has been listed on the National Do Not Call Registry since August of 2007.

19. Additionally, Plaintiff's telephone number has been on the Missouri No-Call List since January 1, 2013.

20. Plaintiff has never been a customer of Risk Based Security and never consented to receive calls from Risk Based Security.

21. Despite these registrations, Plaintiff received multiple telemarketing calls from Risk Based Security.

22. On or around October 15, 2020 Plaintiff received a telephone solicitation call on his cellular telephone number promoting Risk Based Security's services.

4

23. The caller identified himself as Daniel Sherry and explained that he was calling on behalf of Risk Based Security.

24. Plaintiff was not interested in Risk Based Security's services and informed the caller as such.

25. Plaintiff further advised the caller that his telephone number was on the National Do Not Call Registry and requested that the caller place him on their do not call list.

26. Several months later, on or around February 8, 2021, Plaintiff received a subsequent telephone solicitation call on his cellular telephone number from Risk Based Security promoting its services.

27. The caller ID showed the call was from telephone number (804) 800-2040.

28. Again, the caller, Daniel Sherry, identified himself as being from Risk Based Security and were calling to promote its services.

29. Again, Plaintiff advised the caller that he was not interested in Risk Based Security's services.

30. Plaintiff also again informed the Risk Based Security representative that he was on the National Do Not Call Registry and did not want to receive further telephone solicitation calls.

31. Each of the above-described calls occurred after Plaintiff had registered his residential telephone number with both the National Do Not Call Registry and the Missouri No-Call List.

32. Plaintiff and other individuals who received these calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

5

## CLASS ALLEGATIONS

33. Pursuant to Missouri Court Rule of Civil Procedure 52.08, Plaintiff brings this class action on behalf of himself and the following proposed Classes (the "Classes"):

> **National DNC Class:** All non-customers of Risk Based Security within the United States to whom Risk Based Security or someone on its behalf initiated more than one call for the purpose of encouraging the purchase of Risk Based Security's goods or services within any 12-month period, at any time on or after the date four years prior to the filing of this action, despite the residential telephone number having been registered on the National Do Not Call Registry for more than 31 days.

> **Missouri No-Call List Class:** All persons in the State of Missouri to whom Risk Based Security or someone on its behalf made more than one call in any 12-month period for the purpose of encouraging the purchase of Risk Based Security's goods or services, at any time on or after the date two years prior to the filing of this action, despite the telephone number having been registered with the Missouri No-Call List, where Risk Based Security's records do not reflect any other consensual business transaction with such person for at least 181 days prior.

34. The following people are excluded from the Classes: (1) any judge or magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, affiliated entities, and any entity in which the Defendant or its parent has a controlling interest, and their current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

35. Plaintiff and members of the Classes satisfy the numerosity, commonality, typicality, adequacy, and predominance prerequisites for suing as representative parties pursuant to Rule 52.08(a).

6

36. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

37. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

38. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

39. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

   a. Whether Risk Based Security obtained "prior express invitation or permission" under the TCPA and Missouri Telemarketing No-Call List Law, before the calls at issue;

   b. Whether Risk Based Security has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations or Missouri's Telemarketing No-Call List Law;

7

    c. Whether Risk Based Security should be held liable for violations on its behalf; and

    d. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

  40. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  There are hundreds of Class members of each Class, such that joinder of all members is impracticable.

  2. In addition to satisfying the prerequisites of Rule 52.08(a), Plaintiff satisfies the requirements for maintaining a class action under Rule 52.08(b) because:

    a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

    b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

    c. Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

   d.  Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**<u>COUNT I</u>**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

  41. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

  42. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

  43. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

  44. These violations were willful or knowing.

  45. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

  46. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## COUNT II
### Violations of the Missouri Telemarketing No-Call List Law, Mo. Rev. Stat. §§ 407.1095 *et seq.*
### (On Behalf of Plaintiff and the Missouri No-Call List Class)

47. It is a violation of the Missouri Telemarketing No-Call List Law to make or cause to be made any telephone solicitation to any residential subscriber in Missouri who has placed his or her phone number on the Missouri No-Call List. Mo. Rev. Stat. § 407.1098.

48. Defendant violated the Missouri Telemarketing No-Call List Law by making or causing to be made multiple telephone solicitations of Defendant's goods or services to residential subscribers, like Plaintiff and each member of the Missouri No-Call List Class, in a 12-month period, despite the person's registration of his or her telephone numbers on the Missouri No-Call List.

49. These violations were willful or knowing.

50. Defendant failed to establish and implement, with due care, reasonable practices and procedures to effectively prevent telephone solicitations to persons who had registered their telephone numbers with the Missouri No-Call List.

51. As a result of Defendant's violations of the Missouri Telemarketing No-Call List Law, Plaintiff and members of the Missouri No-Call List Class are each entitled to an injunction and up to $5,000 in damages for each such knowing violation. Mo. Rev. Stat. § 407.1107.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class and the Missouri No-Call List Class, respectfully request that the Court enter judgment against Defendant for:

    A.    Certification of the National DNC Class as alleged herein;

    B.    Certification of the Missouri No-Call List Class as alleged herein;

  C. Appointment of Plaintiff as representative of the Classes;

  D. Appointment of the undersigned as counsel for the Classes;

  E. Damages to Plaintiff and members of the National DNC Class pursuant to 47 U.S.C. § 227(c)(5);

  F. Damages to Plaintiff and members of the Missouri No-Call List Class pursuant to Mo. Rev. Stat. § 407.1107;

  G. Injunctive relief for Plaintiff and members of the National DNC Class, pursuant to 47 U.S.C. § 227(c)(5), preventing the Defendant from making calls to numbers listed on the National Do Not Call Registry;

  H. Injunctive relief for Plaintiff and members of the Missouri No-Call List Class, pursuant to Mo. Rev. Stat. § 407.1107, preventing the Defendant from making calls to numbers listed on the Missouri Do Not Call List;

  I. Attorneys' fees and costs, as permitted by law; and

  J. Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated:  March 31, 2021      Respectfully submitted,

             By:  */s/ John F. Garvey*
               John F. Garvey #35879
               CAREY DANIS & LOWE
               8235 Forsyth, Suite 1100
               St. Louis, Missouri 63105
               Telephone: (314) 725-7700
               Facsimile:  (314) 678-3401
               jgarvey@careydanis.com

Samuel J. Strauss*
TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (608) 237-1775
Facsimile:  (608) 509-4423
sam@turkestrauss.com

Anthony Paronich*
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile:  (508) 318-8100
anthony@paronichlaw.com

*Motions for Admission to be filed

*Attorneys for Plaintiff and the Proposed Classes*

## CERTIFICATE OF FILING

The undersigned hereby certifies that the foregoing Class Action Complaint has been filed using the Court's electronic case filing system on this 31st day of March, 2021.

       */s/ John F. Garvey*

IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>DAVID L VINCENT III | |
| Plaintiff/Petitioner:<br>EDWARD J. KOELLER | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN FRANCIS GARVEY JR<br>8235 FORSYTH BLVD<br>STE 1100<br>ST LOUIS, MO  63105 |
| Defendant/Respondent:<br>RISK BASED SECURITY, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

*COURT SEAL OF*

*ST. LOUIS COUNTY*

**Officer's or Server's Affidavit of Service**

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Sworn to me before this _____ (day) _____ (month) _____ (year)

I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

OSCA (7-04) SM60 *For Court Use Only*:     Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____miles @ $ _____ per mile) |
| T | |

    A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

    Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3) On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

    Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

    Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

    The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

    Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73